UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY BERNARD BROWN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SUPERINTENDENT, ) <br> ) <br> Respondent. ) | Case No. 3:12-CV-803 JD |

OPINION AND ORDER

Timothy Bernard Brown, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging a 2008 conviction in St. Joseph County. [ECF No. 1.] Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" For the reasons stated below, the petition is dismissed without prejudice.

Brown's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person incarcerated pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of

state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted).

In rare instances, federal courts may dispense with the exhaustion requirement because delay on the part of the state has led to injustice to the petitioner. *See Granberry v. Greer*, 481 U.S. 129, 135-36 (1987); *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). To qualify for this exception, the delay must be both "inordinate" and "unjustifiable." *Jackson*, 112 F.3d at 881. Thus, where a petition for post-conviction relief "had lain dormant for nearly three and one-half years" despite the petitioner's attempts to obtain a ruling, the Seventh Circuit found a basis to excuse the exhaustion requirement, unless the state could show that the delay was justified. *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981); *see also Jackson*, 112 F.3d at 878-79 (stating in *dicta* that the state's failure to take any action on post-conviction petition for more than five years could provide grounds for excusing the exhaustion requirement).

Under these principles, it is apparent that Brown's petition must be dismissed. On August 12, 2008, Brown was convicted by a jury of burglary and robbery. *Brown v. State*, No. 71A04-0812-CR-688, 2009 WL 2044464, at *2 (Ind. App. Ct. July 15, 2009). On August 18, 2008, prior to sentencing, he filed a *pro se* petition for post-conviction relief. [ECF No. 1 at 5.] In September 2008, he was sentenced to an aggregate term of 20 years in prison. [ECF No. 1 at 1.] In July 2009, Brown's conviction and sentence were affirmed on direct appeal. *Brown*, No. 71A04-0812-CR-688. To date, his post-conviction petition remains pending. [ECF No. 1 at 5.]

In August 2011, Brown filed a federal habeas corpus petition, asserting ineffective assistance of counsel and other grounds.[1] *Brown v. Superintendent*, 3:11-CV-311 (N.D. Ind. filed Aug. 5, 2011). He acknowledged that his post-conviction petition remained pending, but argued that his failure to exhaust should be excused due to inordinate delay in the state proceedings. *Id.*, ECF No. 23. In December 2011, District Judge Joseph S. Van Bokkelen dismissed the petition without prejudice, concluding that there was no basis to excuse Brown's failure to exhaust. *Id*. Brown filed several post-judgment motions seeking reconsideration, all of which were denied. *Id.*, ECF No. 25-29. He then appealed, and in August 2012 the Seventh Circuit denied his motion for a certificate of appealability. *Id.*, ECF No. 46-1.

Four months later, Brown returned to federal court with the present petition. [ECF No. 1.] His sole ground for relief is as follows: "Inordinate, unjustifiable delay in a state-court collateral proceeding." [*Id.* at 5.] Unfortunately for Brown, the Seventh Circuit has expressly held that this does not present a cognizable ground for federal habeas relief, although it may in certain circumstances provide a basis for excusing the exhaustion requirement. *Jackson*, 112 F.3d at 880 (holding that delay in a state post-conviction proceeding "neither makes continued imprisonment of the defendant unlawful, nor warrants federal habeas corpus relief") (internal quote marks and citation omitted). Thus, Brown's petition does not contain any cognizable federal claim.

Even if he could amend the petition to include a cognizable claim, it is evident that he has not yet exhausted his state court remedies. [ECF No. 1 at 4-5.] As he was previously told, he cannot pursue federal habeas relief until he has presented his claims in one complete round of state review. Nor has he established the type of exceptional circumstances that would warrant dispensation of the

---

[1] The court takes judicial notice of Brown's filings in the prior federal case.

exhaustion requirement. His post-conviction petition has been pending since January 2009, and since that time he amended the petition, the state answered the petition, and he conducted discovery. *Brown*, No. 3:11-CV-311, ECF No. 21-1 to 21-7. The trial court ruled on his many motions (which the court described as "too numerous to count"), and also issued a ruling denying a portion of the petition on the merits. *Id.*, ECF No. 21-7 at 17-20. The remainder of the petition is to be decided after an evidentiary hearing. *Id.* at 18. Based on these facts, Brown has not established that his petition has been lying dormant for a period of years. He is not entitled to dispensation of the exhaustion requirement, and therefore the petition will be dismissed.[2] The dismissal will be without prejudice to Brown's right to file a new petition after he has presented his claims in one complete round of state review.

For these reasons, the petition [ECF No.1] is DISMISSED WITHOUT PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. The motion for leave to proceed *in forma pauperis* [ECF No. 2] is DENIED as moot.

SO ORDERED.

ENTERED: December 28, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[2] The court should consider staying rather than dismissing a habeas petition containing unexhausted claims when the statute of limitations has run or is close to running, such that dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (2006). There is no danger of that here, as Brown's post-conviction petition was already pending when the direct review proceedings concluded, which tolled the deadline for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2). If Brown acts diligently, he should have no difficulty returning to federal court once the state post-conviction proceedings have concluded.